IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NEIL L. DURRANCE, § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 4:08-cv-289 |
| § | |
| HONORABLE BRUCE MCFARLING and § | |
| HONORABLE LEE GABRIEL, § | |
| Defendants. § | |

### ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Before the court are the following:

1. Defendants Bruce McFarling and Lee Gabriel's Motion for a Protective Order (de # 24);

2. Response to Motion and Brief for Protective Order and Counter-Motion and Brief to Compel Disclosures (de # 27); and

3. Defendants Bruce McFarling and Lee Gabriel's Supplemental Motion for a Protective Order (de # 28).

Having considered the Defendants' Motion for a Protective Order together with the other motions and the relevant legal principles, the court is of the opinion that "Defendants Bruce McFarling and Lee Gabriel's Motion for a Protective Order" should be GRANTED, the Plaintiff's Counter-motion to compel should be DENIED, and the Defendants' Supplemental Motion should be DENIED AS MOOT.

The Plaintiff asserts claims against the Defendants under 42 U.S.C. §§ 1983 and 1988. In response, the Defendants have filed a motion to dismiss on the basis of judicial immunity. The court has not yet had occasion to consider the motion to dismiss. On January 26, 2009, the Plaintiff served the Defendants with various discovery requests; the responses to those requests are due on March 2, 2009. The Defendants request that the court enter an order protecting them from having to

respond to the discovery requests until after the court has ruled on the pending motion to dismiss.

Judicial immunity "constitutes an 'immunity from suit rather than a mere defense to liability.'" *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Thus, a defendant who asserts the defense of judicial immunity is not generally required to respond to discovery until after the merits of that defense have been decided. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Otherwise, the benefits of the defense would be lost in the time and expense required by the mere participation in a lawsuit. *Id*. at 233 (citing *Mitchell*, 472 U.S. at 526).

Because the court has not yet reviewed the Defendants' pending motion to dismiss, and because that motion is premised on the defense of judicial immunity, the Defendants should not be required to respond to the Plaintiff's discovery requests. Accordingly, the court is of the opinion that "Defendants Bruce McFarling and Lee Gabriel's Motion for a Protective Order" (de # 24) should be, and hereby is, GRANTED. The court is further of the opinion that the Plaintiff's Counter-motion to compel (de # 27) should be, and hereby is, DENIED. The court is further of the opinion that the Defendants Supplemental Motion (de # 28) should be, and hereby is, DENIED AS MOOT. It is therefore

ORDERED that Defendants are not required to file objections or responses to Plaintiff's discovery requests served on them on January 26, 2009, or any discovery until thirty (30) days after the Defendant Judges' motion to dismiss has been ruled upon.

**SIGNED this the 18th day of February, 2009.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE