IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NEIL L. DURRANCE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:08-cv-289 |
| | § | |
| HONORABLE BRUCE MCFARLING and | § | |
| HONORABLE LEE GABRIEL, | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION & ORDER GRANTING
<u>DEFENDANTS' MOTION TO DISMISS</u>**

Before the court are the Defendants' Motion to Dismiss (de # 9) and a Response (de # 11) and Reply (de # 16) thereto. After the parties completed their briefing, the U.S. Court of Appeals for the Fifth Circuit issued a written opinion in the case of *Davis v. Tarrant County*, 565 F.3d 214, 2009 U.S. App. LEXIS 7134 (5th Cir. 2009). Thereafter, the Defendants filed a notice with the court informing the court of that decision, to which the Plaintiff responded (de # 31). The parties dispute *Davis*'s relevance to these proceedings. Because the court finds that the Defendants are shielded from the charges made against them under the doctrine of absolute judicial immunity, the court is of the opinion that the Defendants' Motion to Dismiss (de # 9) should be GRANTED.

## I. BACKGROUND

The Plaintiff is a practicing attorney whose practice includes criminal defense work in the district courts of Denton County, Texas. In 1988, the Plaintiff was approved to be appointed as counsel for indigent felony defendants in Denton County. From that time until August 10, 2006, the Plaintiff regularly accepted such appointments. On that date, the Plaintiff received a phone call from Judge McFarling informing the Plaintiff that he had been removed from the felony defendant appointment list by a vote of the district court judges who are charged with creating and maintaining the list. The Plaintiff was told that his removal was due to alleged but unsubstantiated unethical

conduct. To date, the Plaintiff has not been found guilty of any kind of unethical conduct. The Plaintiff wrote to the Defendants on at least three separate occasions requesting a more formal statement regarding his removal from the appointment list. On no occasion did the Plaintiff receive a written response from the Defendants.

The Denton County indigent defendant appointment list is maintained pursuant to article 26.04 of the Texas Code of Criminal Procedure. That provision provides:

> The judges of the county courts, statutory county courts, and district courts trying criminal cases in each county, by local rule, shall adopt and publish written countywide procedures for timely and fairly appointing counsel for an indigent defendant in the county arrested for or charged with a misdemeanor punishable by confinement or a felony.

TEX. CODE OF CRIM. PROC. ANN. art. 26.04(a) (Vernon 2009). Pursuant to this mandate, the district court judges in Denton County maintain a list of attorneys who have been approved to represent indigent felony defendants in their courts. Appointments to represent particular indigent defendants are then made on a rotating, rather than on a case-by-case, basis.

The Plaintiff asserts claims against the Defendants under the United States and Texas Constitutions. In response, the Defendants have asserted defenses of judicial, legislative and qualified immunity. The Defendants also argue that the Plaintiff has not stated facts that would rise to a violation of Due Process. Because the court finds that absolute judicial immunity bars the Plaintiff's claims, discussion of those other issues is unnecessary.

## II. LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) are disfavored and are rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). In passing on a Rule 12(b)(6) motion, a court must accept all of the plaintiff's allegations as true. *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any

set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8. Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions;" "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level," *id*. at 555, and into the "realm of plausible liability." *Id*. at 557 n.5.

### III. DISCUSSION & ANALYSIS

Judicial immunity is an immunity from suit rather than merely from liability for damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Ballard*, 413 F.3d at 515 (quoting *Mireles*, 502 U.S. at 10). "Judicial immunity is not overcome by allegations of bad faith or malice and 'applies even when the judge is accused of acting maliciously and corruptly.'" *Id*. Judicial immunity can be overcome in either of two circumstances: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. "Whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Davis*, 565 F.3d at __, 2009 U.S. App. LEXIS 7134, at *19 (quoting *Mireles*, 502 U.S. at 12).

Courts in this Circuit look to four factors to determine whether an act performed by a judge was performed in that person's judicial capacity:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Id.* at *20; *Ballard*, 413 F.3d at 515. These factors are construed in favor of coverage. *Id.*

The few courts that have considered lawsuits arising out of a judge's role in maintaining lists from which counsel may be appointed to represent indigent criminal defendants have generally decided with relative ease that those acts are judicial in nature. In *Davis*, the Fifth Circuit dealt with the applicability of judicial immunity against an attorney whose application for inclusion on an indigent defendant appointments list had been denied. *Davis*, 565 F.3d at __, 2009 U.S. App. LEXIS 7134, at *4. The attorney sued the county, alleging a constitutional violation under Section 1983. The defendant judges in that case asserted judicial immunity. After reviewing a number of cases, the Fifth Circuit concluded that judicial immunity applied because "the act of selecting applicants for inclusion on a rotating list of attorneys eligible for court appointments is inextricably linked to and cannot be separated from the act of appointing counsel in a particular case, which is clearly a judicial act . . . " *Id.* at *29-30. Because judges must analyze an applicant's qualifications for possible inclusion on the appointments list, the creation of such a list calls on judicial expertise and is thus a judicial act. *Id.* at *30-31.

In *Dunn v. Kennedy*, the Fifth Circuit decided that a judge was entitled to immunity from a claim that removal from a county criminal appointments list violated the removed attorney's Due Process rights. No. 07-50548, 2008 U.S. App. LEXIS 1005, at *1 (5th Cir. Jan. 17, 2008). The court based its decision largely on the fact that the Texas statute explicitly vests the discretion necessary

for creation of the appointments lists in judges. *Id*. at *3. As in *Davis*, the court noted the intimate connection between the preservation of such lists and the actual appointment of counsel, which has long been recognized as a judicial act. *Id*. at *4. Other courts have also found that filtering the membership of an appointments list is a clearly judicial act. *Roth v. King*, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006); *Hawkins v. Walvoord*, 25 S.W.3d 882, 891 (Tex. App.- El Paso 2000, pet. denied).

Thus, the first factor weighs in favor of immunity. Deselecting an attorney from the criminal appointments list calls upon judicial expertise in the same manner that choosing one attorney over another in making an appointment does. *See Davis*, 565 F.3d __, 2009 U.S. App. LEXIS 7134, at *29-31. As to the second factor, the Plaintiff has not alleged that the judges met to remove him from the list at a location other than the Denton County courthouse. *See Dunn*, 2008 U.S. App. LEXIS, at *4. This factor weighs in favor of immunity. The third and fourth factors are not applicable here. There is no suggestion that the Plaintiff's removal related to a specific case. The court also notes the Fifth Circuit's "holistic" consideration of the appointment process. *Davis*, 2009 U.S. App. LEXIS 7134, at *30. Because the various decisions needed to maintain the indigent defense appointments list must be considered as part of a single process and because that process is reducible to an act which has long been considered plainly judicial in nature, the court sees no reason why the act of deselecting an attorney from the appointments list should be treated differently than accepting or rejecting an application for inclusion on the list. Having considered the applicable factors, the court finds that the act of removing the Plaintiff from the criminal appointments list was judicial in nature. This decision by the Defendants was also clearly not "taken in the complete absence of all jurisdiction.[1]" *Mireles*, 502 U.S. at 11-12. Accordingly, the Defendants are entitled to judicial

---

[1] Pursuant to article 26.04 of the Texas Code of Criminal Procedure, the Denton County district judges have adopted "countywide procedures for timely and fairly appointing counsel," under which the Plaintiff was removed from the felony appointments list. The Denton County

immunity with respect to the Plaintiff's federal claims. Because Texas courts employ the same judicial immunity analysis as the federal courts in this Circuit, the Defendants are immune from the Plaintiff's state law claims as well. *Hawkins*, 25 S.W.3d at 890.

## IV. CONCLUSION

The court finds that the steps taken by the Defendants to assist in removing the Plaintiff from the Denton County felony appointments list "relat[e] to a general function normally performed by a judge" and are thus judicial in nature. *Mireles*, 502 U.S. at 13. The Fifth Circuit treats all portions of the appointment of counsel process as judicial, an approach this court must follow. Because the Defendants acted within both their judicial capacity and jurisdiction, they are entitled to absolute judicial immunity from the Plaintiff's claims, both state and federal. Accordingly, the Defendants' Motion to Dismiss (de # 9) should be, and hereby is, GRANTED. The Plaintiff's First Amended Complaint is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

**SIGNED this the 4th day of June, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

plan is available at http://tfid.tamu.edu/Public/default.asp. Although the current postings for Denton County at the state website do not reveal whether written procedures had been adopted in 2006 when the Plaintiff's name was removed from the appointments list, it is not necessary for the court to resolve this question. It is sufficient for purposes of judicial immunity that, because the Defendants acted pursuant to statutory authority granted by article 26.04, their actions were not taken in the "complete absence of all jurisdiction." *Davis*, 565 F.3d __, 2009 U.S. App. LEXIS 7134, at *16 and 32 n.5.